IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISMAEL HERNANDEZ PADILLA (TDCJ No. 356764), | § § § | |
| Petitioner, | § § | |
| V. | § | No. 3:19-cv-587-C-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Ismael Hernandez Padilla, a Texas prisoner and frequent litigant, filed a *pro se* Motion of Request to Reopen Priorly [sic] Filed Appeals, Granted Permission to Proceed Indigent in Appeals, requesting that the Court reopen some 25 of his prior actions [Dkt. No. 2] (the "Motion to Reopen"). This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings. The undersigned issues these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should deny the Motion to Reopen and administratively close this action.

## Applicable Background, Legal Standards, and Analysis

Based on prior sanctions orders from the United States Court of Appeals for the Fifth Circuit and this Court, Padilla is barred from filing any pleadings that challenge his 1983 state convictions for robbery and rape, *see State v. Padilla*, Nos. F82-90756 & F83-88766, until the monetary sanctions imposed on him are paid in full unless he

first obtains leave of the court in which he seeks to file his pleadings, *see, e.g., Padilla v. Stephens*, No. 3:14-cv-779-B-BK, Dkt. Nos. 5 & 6 (N.D. Tex. 2014); *Padilla v. Stephens*, No. 14-10473 (5th Cir. June 8, 2014).

As the Fifth Circuit recently recounted,

> Padilla's repeated, unsuccessful efforts to attack his convictions have resulted in the imposition of sanctions by this court totaling $700, and he is barred from filing in this court or any court subject to this court's jurisdiction any pleadings that challenge his convictions until those sanctions are paid in full unless he first obtains leave of the court in which he seeks to file his pleadings.

*In re Padilla*, No. 18-90018 (5th Cir. Sept. 5, 2018) (citing *Padilla v. Stephens*, No. 14-10354 (5th Cir. Mar. 10, 2015); *Padilla v. Stephens*, No. 14-10597 (5th Cir. Mar. 6, 2015); *Padilla v. Stephens*, No. 14-10662 (5th Cir. Mar. 4, 2015); *Padilla v. Stephens*, No. 14-10591 (5th Cir. Feb. 10, 2015); *In re Padilla*, No. 14-10344 (5th Cir. July 22, 2014); *In re Padilla*, No. 14-10307 (5th Cir. June 18, 2014); *Padilla v. Stephens*, No 14-10473)).

Through the Motion to Reopen, Padilla fails to show that the monetary sanctions imposed by the Fifth Circuit and this Court have been paid in full. And he fails to provide a persuasive reason why the Court should grant him leave to file pleadings in some 25 closed cases that would effectively request leave to file an out-of-time appeal in each action, particularly considering that the Fifth Circuit recently denied his request for permission to proceed after having been sanctioned, in which he raised similar assertions – that the sanctions orders imposed on him are unconstitutional and block his access to the court. *See In re Padilla*, No. 18-90018 ("Padilla's motion to

proceed as a sanctioned litigant is DENIED. Padilla is again CAUTIONED that the filing of frivolous or repetitive challenges to his convictions in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.").

The Court should therefore deny Motion to Reopen and administratively close this action.

**Recommendation**

The Court should deny Petitioner Ismael Hernandez Padilla's Motion of Request to Reopen Priorly [sic] Filed Appeals, Granted Permission to Proceed Indigent in Appeals [Dkt. No. 2] and administratively close this action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

-3-

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 19, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE